In the Matter of the Application of THE WASHINGTON SQUARE ASSOCIATION and Others, Petitioners, *v.* FRANK MANN, as Tenement House Commissioner of the City of New York, Respondent.

Supreme Court, New York Special Term, May 14, 1925.

**Municipal corporations — building zone resolution — peremptory mandamus for revocation of permit for erection of apartment house in city of New York — proposed structure would face Washington Square West and Washington Square — said street is one hundred feet in width within meaning of Building Zone Resolution of 1916, § 1, subd. c, as amended — building may be erected pursuant to Tenement House Law, § 51, and § 171, subd. 1, and Building Zone Resolution, § 1, subd. c, and § 8, subd. f.**

A tenement house may be erected at the corner of Washington Square and West Washington Place, facing Washington Square West and Washington Square, in the city of New York, a one and one-half times height district in said city, to the height of one hundred and forty-nine feet, two inches, under Building Zone Resolution of 1916, section 8, subdivision f, as amended, which authorizes the erection of buildings one and one-half times the width of a street, since Washington Square West, bordering on a public parkway known as Washington Square, is one hundred feet in width pursuant to said Building Zone Resolution, section 1, subdivision c, as amended.

There is nothing in section 51 or subdivision 1 of section 171 of the Tenement House Law to prevent the erection of said building, and petitioner's application for a peremptory mandamus order to revoke and annul the permit therefor should be denied.

Moreover, the provisions of the Tenement House Law, sections 51 and 171, and of the Building Zone Resolution of 1916, as amended, must be read together.

APPLICATION for peremptory mandamus order to compel the revocation of a building permit.

*Bassett, Thompson & Gilpatric,* for the petitioners.

*George P. Nicholson, Corporation Counsel* [*J. I. Berry* and *F. E. V. Dunn* of counsel], for the respondent.

LYDON, J.:

The petitioners ask for a peremptory mandamus order requiring Frank Mann, as tenement house commissioner, to revoke, vacate, cancel and annul the permit or certificate of approval of application, specifications and plans filed by the owners of property No. 32 Washington Square West. On March 12, 1925, plans and application were filed in the tenement house department by the 32 Washington Square Building Corporation for the erection of a

fifteen-story tenement house to be 149 feet 2 inches in height upon a plot of ground 45 feet by 100 feet and known as No. 32 Washington Square West. On March 23, 1925, said plans and application were approved and a permit issued, and on April 7, 1925, similar plans and application were approved by the superintendent of buildings. The premises upon which it is proposed to erect this building face upon Washington Square West, which street borders upon a public park known as Washington Square. It is claimed by the petitioners that West Washington place is the widest street upon which it is proposed to erect the building No. 32 Washington Square West, to wit, 60 feet wide, and, therefore, under section 51 of the Tenement House Law (as amd. by Laws of 1912, chap. 454, § 4) the height of such building cannot exceed one and one-half times the width of West Washington place, to wit, 90 feet. Petitioners also refer to section 3 of chapter 319 of the Laws of 1916 amending subdivision 1 of section 171 of the Tenement House Law, which provides that the lowest height requirement contained in either the Tenement House Law or Building Zone Resolution of 1916, as amended, shall govern, and claim the more restrictive requirement is the Tenement House Law. Washington Square West is 100 feet in width. The Building Zone Resolution was adopted by the board of estimate and apportionment July 25, 1916, and was amended October 3, 1924. Under said Building Zone Resolution it is provided (§ 8, subd. f): "In a one and one-half times district no building shall be erected to a height in excess of one and one-half times the width of the street." And again it also provides (§ 1, subd. c): "'The width of the street' is the mean of the distances between the sides thereof within a block. Where a street borders a public place, public park or navigable body of water the width of the street is the mean width of such street plus the width, measured at right angles to the street line, of such public place, public park or body of water." Again said Resolution provides (§ 9, subd. a): "On streets more than 100 feet in width the same height regulations shall be applied as on streets 100 feet in width." The premises No. 32 Washington Square West are in a one and one-half times district on the height district map which accompanies the Building Zone Resolution, and the definition of the " width of the street " in the Tenement House Law, as interpreted, it having not otherwise been defined, where the property fronts on a public park, coincides and is identical with the " width of the street " as defined in the Building Zone Resolution. The Tenement House Law, section 171, subdivision 1, has no application, and, therefore, the height of a building to be erected facing a public park is to be determined by the application of both the provisions of the Tene-

ment House Law and of the Building Zone Resolution. This has been a practical interpretation of section 51 of the Tenement House Law (as amd. by Laws of 1912, chap. 454, § 4) by the city authorities and has been acquiesced in without question or complaint. There are a great many apartment buildings in the city of New York which were erected during the last twenty years in accordance with this interpretation adopted by various tenement house commissioners, and if that interpretation were to be abandoned it would lead to serious confusion at this late date to declare illegal buildings erected during all those years. The Building Zone Resolution as adopted by the municipal authorities has become a fixed standard in the matter of the erection of buildings in New York city and has been adopted to a great extent throughout the country, and is a recognized advantage to municipalities. The petitioners present photographs of the houses on Washington Square West, which, to a great extent, show private houses, but on the east side of Washington Square there are buildings 160 feet in height and the whole neighborhood is no longer a private residential section, but has turned, and is rapidly turning into a business section. The difficulty with the petitioners is that they are face to face with the natural progress of the growth of the city and the change in neighborhoods, and in view of the fact that I reach the conclusion that the Tenement House Law must be read together with the Building Zone Resolution, the application must necessarily be denied, as in the Tenement House Law there is no definition of " width of the street " as there is in the Building Zone Resolution. Motion denied.