In the Matter of the Application of THOROFARE DEVELOPING CORPORATION, Petitioner, for a Peremptory Order of Mandamus against WILLIAM F. DEEGAN, Tenement House Commissioner, Respondent.*

Supreme Court, New York County, May 24, 1829.

*Olvany, Eisner & Donnelly*, for the petitioner.

*Arthur J. W. Hilly, Corporation Counsel [F. E. V. Dunn* of counsel], for the respondent.

SHERMAN, J. Petitioner seeks a peremptory order of mandamus directing the tenement house commissioner to approve plans filed on February 28, 1929, for the erection of a building upon the premises No. 2 East Eighty-ninth street in the borough of Manhattan. These premises are located at the southeast corner of Fifth avenue and Eighty-ninth street, and have a frontage of 112 feet on the south side of Eighty-ninth street and upward of 120 feet on the east side of Fifth avenue. Petitioner proposes to erect a modern tenement house building nineteen stories in height, carrying the face of the building to a height of 150 feet on Fifth avenue, and by appropriate setbacks to a total height of 210 feet. The respondent has refused to approve these plans and has ruled that the building

* Affd. 226 App. Div. 871.

must not exceed 150 feet in height from the curb at center to the underside of the roof beams, and rests his refusal upon the provisions of section 51 of the Tenement House Law (as amd. by Laws of 1926, chap. 176) and of section 9-a of the Amended Building Zone Resolution. The Tenement House Law, provides (§ 51) that the height of no tenement house thereafter erected shall, by more than one-half, exceed the width of the widest street upon which it stands. Fifth avenue having a width of 100 feet is the widest street upon which this property abuts, and under the express language of that act the height would be limited to 150 feet. Petitioner, however, claims that under the Zoning Law it has the right to erect a building and carry it to a height of 150 feet before any setbacks begin and then to the height of 210 feet as proposed, and that inasmuch as it fronts upon a park about one-half mile in width, the limitation determined by the commissioner is without warrant in law. The property is situated in a one and one-half times district. Reliance is placed upon the Amended Building Zone Resolution of 1924 adopted by the city of New York relating to such a district where it is provided (Art. 1, § 1, subd. c): " The ' width of the street ' is the mean of the distance between the sides thereof within a block. Where a street borders a public place, public park or navigable body of water the width of the street is the mean width of such street plus the width measured at right angles to the street line, of such public place, public park or body of water." The question is: Does the definition of width of the street, as found in the Amended Building Zone Resolution of 1924, determine the meaning to be given to the words " width of the widest street upon which it stands " in section 51 of the Tenement House Law, which had been enacted prior thereto? Section 8 of that law forbids the construction of any tenement house except in conformity with the " existing law " and declares that no municipal ordinance or regulation may modify any of its provisions. Section 171 of the Tenement House Law (as amd. by Laws of 1916, chap. 319) provides that where the provisions of any local ordinance or regulation impose requirements for lower height of a building, the provisions of such local ordinance or regulation shall govern. It contains nothing, however, which can give to the local body the right to provide for a higher structure than is permitted by the statute itself. Since the width of Fifth avenue actually was and is 100 feet, it is clear that the legislative limitation applies, and the meaning of its language cannot be enlarged by resolution of the board of estimate and apportionment so as to override the then existing statute. The petitioner claims that the practice of the tenement house and building departments of New York city establishes its contention. The papers before me show the contrary, and the rare

instances in which any such ruling in the neighborhood of Central Park has been made are explicable upon the ground of administrative mistake. Nor does the decision in *Matter of Washington Square Assn.* v. *Mann* (125 Misc. 294) require any contrary holding. Different circumstances there obtained. No tenement house has been erected upon Fifth avenue between Fifty-ninth street and One Hundred and Tenth street to a greater height than 150 feet. The recently enacted Multiple Dwelling Law (Laws of 1929, chap. 713; Consol. Laws, chap. 61-A) contains a saving clause making it inapplicable to this proceeding, because petitioner had filed its application prior to that enactment. It is pertinent to observe, however, as indicating the unchanged legislative intent to prevent the erection of higher tenements fronting on a public park, that this law contains an express prohibition against such an attempt. Subdivision d of section 26 of that statute expressly provides that " No multiple dwelling hereafter erected facing a street which borders an open public place or a public park, except a park or public place which abuts upon a water-way, shall exceed, in maximum height, the height determined by the width of the street alone." Prior attempts made to amend the Tenement House Law so as expressly to permit the erection of such a structure upon a street bordering a public park have failed of enactment and the veto message of the Governor in 1926 stressed the importance of preventing the erection of such towering structures upon streets bordering on parks and open places in cities. The application must be denied.